USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 07/31/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

JULIO PEREZ,

                Defendant.

**OPINION AND ORDER**

18 Cr. 88 (ER)

Ramos, D.J.:

    Julio Perez ("Perez" or "Defendant") has been charged with violating Sections 1326(a) and (b)(2) of Title 8 of the United States Code, prohibiting the reentry into the United States of previously removed aliens. *See* Doc. 9 (Information). Perez waived indictment on February 5, 2018. Doc. 10. Perez now moves to dismiss the Information against him. Doc. 18. For the following reasons, the motion is DENIED.

## I. BACKGROUND

    Perez was born in the Dominican Republic. *See* Declaration of B. Alan Seidler in Support of Defendant's Motion to Dismiss ("Seidler Decl.") (Doc. 19) ¶ 1; Compl. (Doc. 1) ¶ 3a. Perez was admitted to the United States as a lawful permanent resident in 1988. Seidler Decl. ¶ 1. In 2007, Perez was convicted of attempted criminal sale of a controlled substance in the third degree. Compl. ¶ 3b. In 2009, he was convicted of attempted criminal possession of a controlled substance in the fourth degree. *Id.* ¶ 3c.

    On November 22, 2010, an Immigration Judge issued an Order of Removal for Perez. Seidler Decl. ¶ 2. The Order of Removal was upheld by the Board of Immigration Appeals ("BIA"). *Id.* According to Perez, he was not informed "by the Immigration Courts, or by any Judge thereof that [he] was prohibited from entering, attempting to enter, or being in the United States for any term of years after his removal." *See* Seidler Decl. ¶ 2. According to the

Government, Perez was given this warning by an immigration official, and he acknowledged having received the warning by signing a copy of Form I-294 "Warning to Alien Ordered Removed or Deported." *See* Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Gov't Mem.") (Doc. 23), at 2. Perez also placed his fingerprint next to his signature, above which there was an additional warning regarding reentry. *Id.* Perez was removed to the Dominican Republic on January 24, 2012. Compl. ¶ 3d.

On July 22, 2017, Perez was found within the United States when he was arrested in Manhattan, New York for criminal sale of marijuana in the fourth degree. *Id.* ¶ 4. The Information charged Perez with one count of illegal reentry, and notified him that he was alleged to have violated Sections 1326(a) and (b) of Title 8 of the United States Code:

> From at least on or about July 22, 2017, in the Southern District of New York and elsewhere, Julio Perez, the defendant, being an alien, unlawfully did enter, and was found in, the United States, after having been removed from the United States subsequent to a conviction for the commission of an aggravated felony, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

*See* Doc. 9.

## II. DISCUSSION

Perez argues that the information against him should be dismissed because it "fails to charge him with knowingly, or intentionally reentering the United States." *See* Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def.'s Mem.") (Doc. 20), at 3.

Perez points to several criminal statutes for which courts have presumed a specific intent requirement as to every element of the crime. *Id.* at 2–3. For example, in *United States v. Games-Perez*, the Tenth Circuit determined that the *mens rea* requirement for 18 U.S.C. § 922(g)(1), the statute prohibiting felons from possessing firearms, is that a defendant must know she is in possession of a firearm; the Government need not also prove that a defendant know she

had previously been convicted of a felony. 667 F.3d 1136, 1142 (10th Cir. 2012). Then-Judge Gorsuch concurred in that case and reiterated Supreme Court precedent that courts should "'presum[e]' a *mens rea* requirement attaches to 'each of the statutory elements that criminalize otherwise innocent conduct.'" *Id.* at 1145 (Gorsuch, J., concurring) (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)). In *X-Citement Video* itself, the Supreme Court held that 18 U.S.C. § 2252, which prohibits a defendant from knowingly transporting, shipping, receiving, distributing, or reproducing a visual depiction of a minor engaging in sexual explicit conduct, contained a scienter requirement as to the minor's age. *X-Citement Video*, 513 U.S. at 78. Perez argues that the concurrence in *Games-Perez* and majority opinion in *X-Citement Video* require the Court to dismiss the Information, because the Government does not allege that he knowingly re-entered the United States. Def.'s Mem. at 2–3.

It is true, of course, that the Government must prove "a voluntary act of reentry or attempted reentry by the defendant that is not expressly sanctioned by the Attorney General." *United States v. Martus*, 138 F.3d 95, 97 (2d Cir. 1998). However, the Second Circuit has determined that "Section 1326 does not implicate the concerns that led to the [Supreme] Court to engraft a scienter requirement onto other, unrelated statutes" and the Government need not prove a defendant's specific intent to violate a removal order. *United States v. Torres-Echavarria*, 129 F.3d 692, 697 (2d Cir. 1997) (discussing *X-Citement Video*). In fact, this Circuit has repeatedly held that "it is unnecessary to show specific intent to prove a violation of [Section] 1326." *United States v. Acevedo*, 229 F.3d 350, 358 (2d Cir. 2000); *United States v. Rodriguez*, 416 F.3d 123, 128 (2d Cir. 2005); *United States v. Champegnie*, 925 F.2d 54, 55–56 (2d Cir. 1991).

Here, the Information notified Perez that he was charged with illegal reentry under Sections 1326(a) and (b) because he "unlawfully did enter, and was found in, the United States, after having been removed from the United States subsequent to a conviction for the commission of an aggravated felony, without having obtained the express consent of the Attorney General . . .

3

." Doc. 9. The Court finds that the Information was sufficient to notify Perez that he was charged with a voluntary act of reentry. *See United States v. Alvarez*, No. 09 Cr. 386 (DAB), 2009 WL 3459219, at *3 (S.D.N.Y. Oct. 27, 2009) (finding an Indictment sufficient where it contained "the four elements of illegal re-entry . . . that the Defendant was an alien at the time of the alleged offense; that prior to the alleged offense, the Defendant had been deported from the United States; that the Defendant thereafter improperly entered or was found in the United States; and that the Defendant did not have the express permission of the Attorney General to return . . . ."); *United States v. Black*, No. 06 Cr. 1079 (DLC), 2007 WL 683996, at *4 (S.D.N.Y. Mar. 6, 2007) ("The Indictment sufficiently notifies the defendant that he is charged with illegal reentry under Section 1326(b)(2) for entering and being found in the United States 'after having been denied admission, excluded, deported and removed from the United States.'"). Therefore, Perez's motion to dismiss the Information must be denied.

### III. CONCLUSION

For the reasons set forth above, Perez's motion to dismiss the Information is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 18.

It is SO ORDERED.

Dated: July 31, 2018
New York, New York

Edgardo Ramos, U.S.D.J.

4